IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENQIONG LIOU,<br><br>Plaintiff,<br><br>vs.<br><br>BARRETT BENEFITS GROUP, INC.,<br><br>Defendant. | CASE NO. 1:26-cv-1155<br><br>DISTRICT JUDGE<br>PATRICIA A GAUGHAN<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**MEMORANDUM OPINION & ORDER** |

An in-person mediation conference in this case was scheduled for September 14, 2026. Representatives for Defendant Barrett Benefits Group appeared, but pro se Plaintiff Menqiong Liou did not. Neither the Court nor opposing counsel heard from Liou regarding his absence. The Court was forced to cancel the mediation conference.

Later that day, the Court issued a Show Cause Order. Doc. 13. The Court ordered Liou to show cause why he should not be required to reimburse Barrett for attorneys' fees and costs that it spent attending the aborted mediation conference. *Id*. Hours later, Liou filed a response. Doc. 14.

*Discussion*

The Supreme Court has long held that federal courts have certain "inherent powers" including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v.*

*Haeger*, 581 U.S. 101, 107 (2017) (citations omitted). One such sanction may be an award of attorneys' fees, meaning an order to a "party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.*

> This Court has made clear that such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. *See Mine Workers v. Bagwell*, 512 U.S. 821, 826–830, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (distinguishing compensatory from punitive sanctions and specifying the procedures needed to impose each kind). In other words, the fee award may go no further than to redress the wronged party "for losses sustained"; it may not impose an additional amount as punishment for the sanctioned party's misbehavior. *Id.*, at 829, 114 S.Ct. 2552 (quoting *United States v. Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

*Id.* at 108 (footnote omitted).

The Sixth Circuit has articulated a two-step inquiry to apply when considering whether certain conduct is subject to the court's inherent authority to issue sanctions. *See Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016). First, the court should consider whether the party engaged in conduct "that hampered the enforcement of a court order." *Id.* Second, if the conduct did hamper the enforcement of a court order, whether the party acted in bad faith. *Id.* For conduct to support a finding of bad faith, conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Turning to the first factor, Liou's failure to appear "hampered the enforcement of a court order." *See Williamson* 826 F.3d at 302. The Court issued an order that scheduled the mediation conference for September 14, 2026, to occur in person. *See* Doc. 11. Liou failed to appear at that conference or otherwise participate in the conference that was established by the Court's order. So the first factor supports the Court's exercise of its inherent powers.

The second factor, whether Liou acted in bad faith, also supports the Court's exercise of its inherent powers. Liou's surprise absence was unexpected, unexcused, and unexplained. In his show-cause response, Liou submits that his "non-appearance was entirely unintentional, resulting from an honest misunderstanding and lack of familiarity with federal court procedures, rather than any bad faith or disrespect toward the judicial process." Doc. 14, at 1. Liou cites his pro se status and explains:

> Because he lacks formal legal training and experience navigating the strict procedural mandates of the Federal Rules of Civil Procedure and Local Rules, he misconstrued the coordination requirements and scheduling expectations surrounding the mediation process.

*Id*. But there were no "procedural mandates" of civil and local rules that Liou needed to navigate to know about the mediation conference date. Rather, Liou only needed to read the Court's Mediation Scheduling Order, filed on the docket, which states:

> A mediation conference will be held in the above-captioned case at 10:00 AM on September 14, 2026, in Courtroom 11A of the Carl B. Stokes Courthouse,

> 801 West Superior Avenue in Cleveland, Ohio, 44113, before the Honorable James E. Grimes Jr., United States Magistrate Judge. All parties and their lead counsel are ORDERED TO APPEAR at that time.

Doc. 11, at 1.

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *see Brown v. City of E. Cleveland*, No. 1:18-cv-192, 2018 WL 4006810, at *3 (N.D. Ohio July 27, 2018), *report and recommendation adopted in relevant part and dismissing case*, 2018 WL 4002603 (N.D. Ohio Aug. 22, 2018). It does not take legal training or litigation experience to read the Court's Order setting the date for the mediation conference.[1]

Next, Liou claims that there was a "[b]reakdown in [c]ommunication" with defense counsel. Doc. 14, at 1. Liou writes that he "actively attempted to initiate contact and follow up with Defendant's legal counsel regarding scheduling and a mediation proposal," but that "Defendant's counsel did not provide a definitive response to Plaintiff's follow-up inquiries." *Id*. Therefore,

---

[1] Moreover, the Court notes that it appears that Liou currently has pending a number of pro se lawsuits, raising similar claims as in this case, in many federal district courts around the country. This shows that Liou is comfortable litigating cases on his own behalf in many different courts at once.

Liou claims, he "mistakenly believed the scheduled session could not go forward without a prior mutual agreement or formal confirmation on the framework of the proposal." *Id.*

This passage includes a lot of words, but it's not clear what Liou means by them. The Court set the date for the mediation conference—the parties were not required to schedule it. The parties were ordered to separately provide confidential mediation statements to the Court—they were not instructed to coordinate these submissions. The parties *were* required to exchange a demand and offer before the mediation, *see* Doc. 11, at 1, but the parties accomplished this. Liou submitted a copy of the demand and offer exchange to the Court, which shows that Liou made an offer; Barrett made a counter-offer; and Liou made a revised demand.[2] The fact that Barrett did not respond to Liou's revised demand does not matter—Barrett was not required to make a revised counter-offer. *See id.* Moreover, if Liou was confused about the significance of Barrett's lack of revised counter-offer, Liou's unilateral decision to simply not attend the mediation conference without further ado demonstrates either "an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on th[e] proceedings." *See Wu*, 420 F.3d at 643.

---

2 The parties emailed these filings to Chambers in accordance with the Mediation Scheduling Order—they are not filed on the docket.

Liou states that "[b]elieving that communication had stalled, [he] proactively forwarded the entire history of his email exchanges with Defendant's counsel" to the Court via email. Doc. 14, at 1. And:

> [b]ecause he had handed over the record of the stalled discussions and received no subsequent direction or confirmation, Plaintiff under an honest, albeit mistaken, impression concluded that the mediation conference had been effectively called off or deferred.

*Id*. at 2. But Liou did not "proactively forward[]" these emails—Court staff emailed Liou and asked for them.[3] The fact that Liou received communications on behalf of the Court requesting mediation materials less than a week before the mediation conference cuts against any impression Liou claims to have had that the conference was "called off or deferred."[4]

Finally, the Court notes that in its Mediation Scheduling Order, it warned:

> Because the Court and the parties invest significant resources in these conferences, the failure of a party, counsel, or persons with ultimate settlement authority to appear in person may result in sanctions, including payment of fees and costs of other parties who do attend the conference.

---

[3] The Court's Mediation Scheduling Order requires the plaintiff to email to the Court "copies of the parties' written settlement proposals" that they exchanged. Doc. 11, at 2. Because Liou had not provided these copies to the Court, staff emailed Liou and asked him to do so.

[4] Lioi has electronic filing privileges in this case, so he receives email notifications of any Court orders as soon as they issue.

Doc. 11, at 2. Liou therefore was on notice that his failure to attend the mediation may result in sanctions of fees and costs. *See also* Local Rule 16.6(f) (providing that "[w]illful failure of a party to attend [a] mediation conference … may [result in] appropriate sanctions").

In sum, both *Williamson* factors support the Court's exercise of its inherent power to sanction Liou by assessing against him the costs and fees incurred by Defendant Barrett's counsel and its representative to appear at the mediation conference. Barrett is invited to submit an application for attorneys' fees and costs that it spent attending the mediation conference. This application is due by September 30, 2026.

SO ORDERED.

Dated: September 16, 2026

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge