**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Menqiong Liou,** | ) | **CASE NO. 1:26 CV 1155** |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **vs.** | ) | |
| **Barrett Benefits Group, Inc.,** | ) | **Memorandum of Opinion and Order** |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court on Plaintiff's Formal Objections to Magistrate Judge's September 16, 2026 Memorandum Opinion and Order Pursuant to FRCP 72(a) (Doc. 18) and Plaintiff's Objections to the Magistrate Judge's Memorandum Opinion & Order Granting Sanctions (Doc. 20) (together, "Plaintiff's Objections"). This is an Age Discrimination in Employment Act case. For the reasons that follow, Plaintiff's Objections are OVERRULED.

**BACKGROUND**

Following a referral by this Court, Magistrate Judge Grimes scheduled a mediation between *pro se* plaintiff Menqiong Liou ("Plaintiff") and defendant Barrett Benefits Group ("Defendant") for September 14, 2026. Representatives for Defendant appeared at the scheduled mediation conference, but Plaintiff did not.

Magistrate Judge Grimes ordered Plaintiff to show cause why he should not be required to reimburse Defendant for attorney fees and costs spent attending the mediation conference. (Doc. 13.) Plaintiff responded and contended that his "non-appearance was entirely unintentional, resulting from an honest misunderstanding and lack of familiarity with federal court procedures, rather than any bad faith or disrespect toward the judicial process." (Doc. 14.) At no point in his response did Plaintiff contend that any physical disability played some part in his non-attendance.

Applying Sixth Circuit precedent to the facts here, Magistrate Judge Grimes determined that Plaintiff's failure to attend the mediation (1) "hampered the enforcement of a court order" and that Plaintiff "acted in bad faith." (Doc. 16.) Magistrate Judge Grimes ordered sanctions against Plaintiff in the amount of costs and fees incurred by Defendant's counsel and its representative to appear at the mediation conference.

Plaintiff filed objections to the order for sanctions. (Docs. 18 & 20.) Defendant filed a response (Doc. 25) and Plaintiff filed a reply. (Doc. 27.)

**DISCUSSION**

When a party objects to a magistrate judge's order that addresses a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted).

"In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling

on an evidentiary question, which is an 'abuse of discretion' standard. An abuse of discretion occurs when a court improperly applies the law or uses an erroneous legal standard." *Phillips v. Philip Morris* Cos., Inc., 2013 WL 3291516, at *2 (N.D. Ohio June 28, 2013) (some internal quotation marks omitted) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992))).

"A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw." *Id.* "Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Id.*

Review of a magistrate judge's non-dispositive orders is "highly deferential." "[M]agistrate judges have broad discretion to regulate non[-]dispositive matters, and reversal is warranted only if that discretion is abused." *Sherrod v. Enigma Software Grp. USA, LLC*, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) (internal citations omitted)). "[T]he critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion. That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law." *Id*; *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's non[-]dispositive actions by the district judge.").

Here, Plaintiff does not contend that Magistrate Judge Grimes applied any incorrect legal standard, nor does he contend that any of the underlying facts relied upon are erroneous. Rather,

Plaintiff (1) takes issue with a single, non-dispositive footnote and (2) contends that Magistrate Judge Grimes "overlooks his severe physical disabilities." (Doc. 18.) Neither point is grounds to vacate Magistrate Judge Grimes's valid order.

First, contrary to Plaintiff's categorization, Magistrate Judge Grimes did not label Plaintiff as an "experienced litigant." Nor did Magistrate Judge Grimes rely on Plaintiff's other pending lawsuits to support the finding of bad faith. Magistrate Judge Grimes merely noted Plaintiff's exposure to the court process as an aside to the main point: understanding a mediation conference scheduling order does not require any specialized litigation experience. Plaintiff does not refute that fact.

Second, Plaintiff faults Magistrate Judge Grimes for not considering the effects of his physical limitations, but Plaintiff did not contend in his response to the show cause order that any physical limitation played a part in his non-attendance at the medication conference. Further, even if Plaintiff's limitations were to be considered, sufficient, uncontested facts support Magistrate Judge Grimes's ultimate findings. *See Heights Cmty. Cong.*, 774 F.2d at 140.

Having reviewed Magistrate Judge Grimes's Memorandum Opinion & Order (Doc. 16), this Court finds it is neither clearly erroneous nor contrary to law. Accordingly, Plaintiff's Objections are OVERRULED. (Docs. 18 & 20.)

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 10/2/2026