**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Menqiong Liou,** | ) | **CASE NO. 1:26 CV 1155** |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **vs.** | ) | |
| **Barrett Benefits Group, Inc.,** | ) | **Memorandum Opinion and Order** |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court on Defendant Barrett Benefits Group, Inc.'s Motion to Dismiss. (Doc. 6.) This is an Age Discrimination in Employment Act case. For the reasons that follow, the motion is DENIED.

## BACKGROUND

On January 26, 2026, *pro se* plaintiff Menqiong Liou ("Plaintiff") filed a charge with the Equal Employment Opportunity Commission ("EEOC") against defendant Barrett Benefits Group ("Defendant"). On April 21, 2026, the parties executed a settlement agreement with the EEOC to resolve Plaintiff's charge against Defendant ("EEOC Settlement"). According to Plaintiff's Complaint, he revoked the EEOC Settlement on April 24, 2026. Thereafter, Plaintiff initiated the instant lawsuit against Defendant, alleging two claims under the Age Discrimination in Employment Act ("ADEA"): discretionary advertisement and failure to hire.

Defendant now moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes the motion. Defendant did not file a reply in support of its motion during the time afforded by the Local Rules. LR 7.1(e).

**STANDRD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and, "[u]nlike state trial courts, they do not have general jurisdiction to review questions of federal and state law." *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, their authority is limited to deciding "cases that the Constitution and Congress have empowered them to resolve." *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

And when considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 335 F. App'x 587, 588 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). That said, the complaint must set forth "more than the bare assertion of legal conclusions." *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The Court is not required to accept as true legal conclusions or unwarranted factual inferences. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that merely offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*

**DISCUSSION**

The precise basis of Defendant's motion is not entirely clear but, as best this Court can tell, Defendants seem to contend that (1) this Court lacks jurisdiction over Plaintiff's claims because of the EEOC Settlement and/or (2) that the EECO Settlement prevents the very claims Plaintiff alleges in his Complaint. In response, Plaintiff contends that the EEOC Settlement was invalid under the Older Workers Benefit Protection Act ("OWBPA") and, thus, cannot act to bar his claims before this Court.

The OWBPA imposes specific requirements for waivers covering Age Discrimination in Employment Act ("ADEA") claims." *Oubre v. Entergy Ops., Inc.*, 522 U.S. 422, 424 (1998). 29 U.S.C. § 626(f)(2) governs "[a] waiver in settlement of a charge filed with the [EEOC]." Under Section 626(f)(2), a waiver "may not be considered knowing and voluntary unless at a minimum": "the waiver is part of an agreement between the individual and the employer that is written in a

manner calculated to be understood by such individual, or by the average individual eligible to participate;" "the waiver specifically refers to rights or claims arising under this chapter;" "the individual does not waive rights or claims that may arise after the date the waiver is executed;" "the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;" "the individual is advised in writing to consult with an attorney prior to executing the agreement;" and "the individual is given a reasonable period of time within which to consider the settlement agreement." If a waiver "[does] not comply with the OWBPA's stringent safeguards, it is unenforceable against [the employee] insofar as it purports to waive or release [the employee's] ADEA claim[(s)]." *Oubre*, 522 U.S. at 427–28.

In his Complaint, Liou alleges that he "revoked" the EEOC Settlement under the OWBPA. (Doc. 1 ¶ 8.) Although he fails to specify the grounds in his Complaint, he clarifies in his opposition to Defendant's motion that he "revoked" the EEOC Settlement because it allegedly failed to comply with the OWBPA. *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 881 (N.D. Ohio 1998) ("[I]t is well-settled that pro se complaints and other documents, however inartfully pleaded, are held to less stringent standards than formal pleadings [and documents] drafted by lawyers, and are to be liberally construed." (internal quotation marks and citation omitted)). Specifically, Liou contends that (1) he was not advised in writing to consult with an attorney prior to executing the agreement and (2) he was not given a reasonable period of time within which to consider the agreement.

To support his allegations, Liou points to the text of the EEOC Settlement, which does not include any advisement to consult an attorney and contends that he executed the agreement only 24 hours after he received it. Although discovery could ultimately indicate otherwise, at this posture the Court accepts Liou's allegations as true and finds that Liou has sufficiently alleged that the EEOC

Settlement is invalid under the OWBPA. Because the EEOC Settlement may be invalid as a matter of law, this Court cannot say at this posture that it either deprives this Court of jurisdiction or forecloses Liou's ADEA claims. Defendant has not raised any other grounds for dismissal.

For all these reasons, Defendant Barrett Benefits Group, Inc.'s Motion to Dismiss. (Doc. 6) is DENIED.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 11/4/2026